UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE CERVANTES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00736-JMS-TAB |
| | ) |
| B. BOWEN, | ) |
| | ) |
| Defendant. | ) |

**Entry Denying Motion for Summary Judgment and
Directing Further Proceedings**

Jose Cervantes is an inmate at Plainfield Correctional Facility. In this prisoner civil right suit, he contends Plainfield correctional officer, Sergeant Brandon Bowen, unnecessarily sprayed him with OC spray. Sgt. Bowen now moves for summary judgment on the grounds that Mr. Cervantes failed to exhaust his administrative remedies prior to filing this lawsuit. The record before the Court, however, demonstrates Mr. Cervantes's remedies were unavailable. Sgt. Bowen's motion for summary judgment is therefore **denied**, and the Court now provides Sgt. Bowen notice of its intention to grant summary judgment to Mr. Cervantes on the issue of exhaustion. *See* Fed. R. Civ. P. 56(f).

**I. Legal Standard**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Com. Schools*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inference from it in the light most favorable to the nonmoving party. *Khungar v. Access Community Health Network*, 985 F.3d 565, 572 – 73 (7th Cir. 2021). The Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

## II. Background

The record here is mostly undisputed (the lone factual dispute is not material to the decision) and largely based on Mr. Cervantes's version of the facts. That is because Sgt. Bowen only submitted the amended complaint and two pieces of evidence in support of his motion: the Indiana Department of Corrections grievance process and a computer print-out of Mr. Cervantes's grievance history. *See* Dkt. 15. Sgt. Bowen did not submit any evidence with his reply responding to Mr. Cervantes's evidence. His failure to submit evidence with his reply means that he has conceded Mr. Cervantes's version of the facts, to the extent that version is supported by admissible evidence. *See* Dkt. 12 at 2 ("[T]he defendant's reply must directly confront the plaintiff's evidence regarding availability [of remedies] . . . Failure to present responsive evidence in reply will result in forfeiture of any right to present that evidence if there is a future *Pavey* hearing."); *see also* Fed. R. Civ. P. 56(e)(2); *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218 – 219 (7th Cir. 2015). With that understanding, the Court now turns to the facts.

This suit arises from an alleged use of excessive force. On May 26, 2020, Mr. Cervantes was escorted by prison staff to a restricted housing unit for being intoxicated. However, Mr.

Cervantes was not intoxicated; he felt lightheaded and had difficulty breathing because he had not taken his medication. When Mr. Cervantes told Sgt. Bowen that he needed his medication, Sgt. Bowen responded "shut the [expletive] up and sit down." At some point, other inmates began kicking their doors and making loud noises; Mr. Cervantes did not join the other inmates. Nonetheless, Sgt. Bowen responded by spraying Mr. Cervantes with an inordinate amount of OC spray. Mr. Cervantes was in pain for three days after the incident. *See* Dkt. 7 at 2 – 3.

Plainfield Correctional Facility follows the Indiana Department of Corrections standardized Offender Grievance Process. Dkt. 15-3. The process consists of three steps:

> (1) A formal attempt to solve a problem or concern following unsuccessful attempts at informal resolutions;
>
> (2) A written appeal to the Warden/designee; and,
>
> (3) A written appeal to the Department Grievance Manager.

*Id.* at 3. Inmates must complete each step to comply with the process to fully exhaust their administrative remedies. *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020).

The parties dispute whether Mr. Cervantes ever filed a formal grievance. According to Sgt. Bowen, Mr. Cervantes did not pursue any step of the grievance process:

> As the grievance record shows, Mr. Cervantes did not pursue these steps. No grievance, certainly not one complying with the relevant procedural requirements, was ever submitted to prison staff[.]

Dkt. 14 at 4; *see also* Dkt. 15-2, Grievance History (reflecting no history of grievances for Mr. Cervantes). According to Mr. Cervantes, however, he filed a formal grievance on May 30, 2021, dkt. 18-3, and never heard back. Dkt. 18-1 at 1.

It is undisputed Mr. Cervantes did not file an appeal. He asserts he could not appeal the formal grievance because he was in segregation and quarantined due to COVID-19, he did not

have access to forms to file an appeal, and he received contradicting answers from prison officials when he asked the next steps in the process. *Id*.

### III. Discussion

Sgt. Bowen argues summary judgment is appropriate because Mr. Cervantes failed to exhaust his administrative remedies before filing suit. Mr. Cervantes counters that his administrative remedies were unavailable.

The Prison Litigation Reform Act requires inmates to exhaust their available administrative remedies before suing in federal court. 42 U.S.C. § 1997e(a); *Williams v. Wexford Health Sources, Inc.*, 957 F.3d 828, 831 (7th Cir. 2020). This requirement is mandatory: a court cannot excuse an inmate's failure to exhaust. *Ross v. Blake*, 578 U.S. 1174, 1856 (2016). To satisfy the Act's exhaustion requirement, an inmate must strictly comply with the prison's administrative rules for filing grievances. *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020). Failure to exhaust is an affirmative defense, so Sgt. Bowen bears the burden of proof. *Lanaghan v. Koch*, 902 F.3d 683, 688 (7th Cir. 2018).

The administrative remedies, however, must be "available" to the inmate. *Hernandez v. Dart*, 814 F.3d 836, 840 (7th Cir. 2016) (internal quotations and citations omitted); *see also Reid*, 962 F.3d at 329 ("The exhaustion requirement, however, hinges on the availability of administrative remedies.") (internal quotations omitted) (citing *Ross*, 578 U.S. at 1858). An inmate is not required to exhaust administrative remedies that are unavailable. *Hernandez*, 814 F.3d at 842 (citations omitted).

The limited record before the court shows that Mr. Cervantes administrative remedies were not available. The only evidence in the record reflects that, in June 2020, Mr. Cervantes was in segregation and quarantined after he had contracted COVID-19. Dkt. 18-1 ¶¶ 3, 4. He did not have

access to grievance forms, and there is no evidence anyone from the jail provided him with information related to the grievance process. *Id.* ¶¶ 8 – 10. That alone is enough to show his administrative remedies were not available. *See Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018) ("Prisons must affirmatively provide [inmates] the information needed to file a grievance."); *Hill v. Snyder*, 817 F.3d 1037, 1041 (7th Cir. 2016) ("[E]xhaustion is not required when the prison officials responsible for providing grievance forms refuse to give a prisoner the forms necessary to file an administrative grievance.").

On top of that, however, there is evidence the process was so opaque and confusing that no reasonable prisoner in Mr. Cervantes's shoes would have known how to proceed. *Hill*, 817 F.3d at 1040 (the exhaustion requirement does not invite prison staff to pose guessing games for prisoners); *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1323 (11th Cir. 2007) (a prison cannot play "hide and seek" with its administrative remedies). Even putting aside the factual dispute of whether he submitted his formal grievance, Mr. Cervantes received confusing and contradictory responses when he tried to comply with grievance process. For example, he was told "[f]ile your appeals and I will review the cases" while also being told *on the same day* by *the same person* "[t]his matter is currently under investigation." *Compare* Dkt. 18-5, *with* Dkt. 18-6. The deputy warden told him "[t]here was an investigation that was completed" and "[a]ll issues have been addressed," dkt. 18-8, while the grievance specialist told him his grievance was not even a grievable issue. Dkt. 18-9 ("Your grievance was returned to you on the 8th due to the write up being a [Disciplinary Hearing Board] issue."). These responses demonstrate the grievance process was unavailable. *Reid*, 962 F.3d at 330 (finding grievance process unavailable where the facility gave inmate conflicting messages); *Does 8-10 v. Snyder*, 945 F.3d 951, 963 (6th Cir. 2019) (finding grievance process unavailable where inmate was told the investigation of the grievance was "pending" and the inmate

would be "notified of the outcome at the conclusion of the investigation" while also being told the grievance was "responded to and closed").

In fairness, the Facility's grievance process might actually have been much more streamlined. But there is no evidence demonstrating that in the record. *Cf. Lockett v. Bonson*, 937 F.3d 1016, 1027 – 28 (7th Cir. 2019) (holding inmate failed to exhaust administrative remedies based on affidavit of facility representative stating the inmate had not filed any grievances). The only evidence in the record describing what happened is Mr. Cervantes's affidavit. And when crediting Mr. Cervantes's affidavit as true, *see* S.D. Ind. L.R. 56-1(f)(2), the Court concludes his administrative remedies were not available.

Sgt. Bowen offers two responses, but neither is persuasive. He first argues that Mr. Cervantes failed to file a formal grievance, *see* dkt. 14 at 4, and even if he did, he failed to file a formal appeal. Dkt. 20 at 1 – 2. But these arguments do not address whether the process was "available"—Mr. Cervantes's main contention. It might very well be the case that Mr. Cervantes failed to complete the process, but the point is that there is no evidence in the record showing the process was available to him. *Hernandez*, 814 F.3d at 842 ("If administrative remedies are not available to an inmate, then an inmate cannot be required to exhaust.").

Sgt, Bowen next insists Mr. Cervantes never asked for appeal forms or requested an enlargement of the appeal deadline under the "extenuating circumstances" provision in the grievance policy. Dkt. 20 at 2. But Mr. Cervantes filed multiple informal grievances, and prison staff never provided any assistance. *See* Dkt. 18-1 at 6 – 11. And, in any event, it is the *prison* that is responsible for informing the *inmate* of the grievance process, not the other way around. *See Ramirez*, 906 F.3d at 538 ("Even if [the plaintiff] might have elicited information about the grievance procedure from [the correctional counselor] had he asked it, it was not his burden to do

so."); *Hernandez*, 814 F.3d at 842 ("[U]navailability extends beyond affirmative misconduct to omissions by prison personnel, particularly failing to inform the prisoner of the grievance process.") (internal quotations and citations omitted); *id.* ("It is not incumbent on the prisoner to divine the availability of grievance procedures.") (internal quotations omitted).

To be sure, a prisoner's ignorance of the grievance process is not an adequate defense to failing to exhaust. *Ramirez*, 906 F.3d at 538. As long as the prison facility takes "reasonable steps" to inform the inmate of the grievance procedure, an inmate will be held to the strict exhaustion requirement. *Id.* There just is no evidence of that *in this record*, and so Mr. Cervantes's administrative remedies were simply not available.

### IV. Conclusion

For those reasons, Sgt. Bowen's Motion for Summary Judgment, dkt. [13], is **denied**. Pursuant to Rule 56(f), Sgt. Bowen is also now **ordered** to **show cause** why summary judgment should not be granted in favor of Mr. Cervantes on the issue of exhaustion. *See* Fed. R. Civ. P. 56(f). Sgt. Bowen shall respond no later than **January 10, 2022**. A motion to withdraw its exhaustion defense will satisfy this court's show cause order.

**IT IS SO ORDERED**.

Date: 12/9/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Andrea Lynn Ciobanu
CIOBANU LAW, PC
aciobanu@ciobanulaw.com

Peter Andrew Inman
INDIANA ATTORNEY GENERAL
peter.inman@atg.in.gov